Hillsborough, }
May 7, 1912. }

## CLARA A. KIDDER *v.* BOSTON & MAINE RAILROAD.

## HERBERT M. KIDDER *v.* SAME.

CASE, for negligence. The two suits are by husband and wife to recover for her personal injuries, and were tried together by jury. At the close of the plaintiffs' evidence the defendant moved for nonsuits. The parties agreed upon the amount of damages, and that there should be judgments for the plaintiffs if there was evidence of the defendant's fault. The motions for nonsuits were thereupon granted, and the plaintiffs excepted. Transferred from the September term, 1911, of the superior court by *Chamberlin,* J.

*Taggart, Burroughs & Wyman (Mr. Wyman* orally), for the plaintiffs.

*Branch & Branch (Oliver W. Branch* orally), for the defendant.

PEASLEE, J. These are suits to recover for injuries suffered by the wife by being thrown from a wagon while traveling upon a highway in Goffstown, near the defendant's right of way. The fault charged is the negligent blowing of a locomotive whistle, whereby the plaintiff's horse became frightened, ran away, and so caused the injuries. The parties agree as to the law governing their rights and liabilities. It is a question solely of whether there was substantial evidence that it was unreasonable conduct to blow the whistle when and as it was blown upon this occasion.

The only evidence upon the point is the wife's testimony. From this it could be found that as she was driving in a westerly direction along the highway nearly parallel with the defendant's right of way, a freight train approached from the east and when some rods behind her blew an unusually loud blast of the whistle. There was no whistling post at that point and no one upon the track ahead of the train. Two objections to the sufficiency of this evidence are urged. It is said that there may have been justifiable cause for blowing the whistle. This is undoubtedly true; but it is also true that the appearances indicated there was no such cause, and this warranted the submission of the question to the jury. The other objection is that there is no evidence that the engineer

could control the loudness of the blast. This does not help the defendant. If the engineer could blow loud or soft, if he blew knowing it might respond in either manner, or if the whistle was one which always gave a more than ordinarily loud sound, the important facts are not changed. In either case it was his duty to use reasonable care not to make an unreasonable noise.

*Exception sustained.*

All concurred.